**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

FILED

2004 FEB -2  P 4: 16

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____

| | |
|---|---|
| **ERIC ANTHONY SANCHEZ, ET. AL.** | § |
| | § |
| | § |
| **vs.** | § |
| | § |
| | § |
| | § |
| | § |
| **CRAIG STOCKSTILL, ET. AL.** | § |

SAC4 CA0110  XR

**CIVIL ACTION NO._____**

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

1.

Please take notice that Defendants CRAIG STOCKSTILL, JIM DAVIDSON, ROSEMARY BURKETTE, KEVIN WHALEY, PATRICK BOUTWELL, JESSE RAMOS, BRENDA K. ULLIVIG[1], MARGIE LEAL, SALLY MARRS, ORALIA RAMIREZ, ALLISON SHOEMAKER, RACHEL PENA, LARRY ANGLE, EDWARD HRNA, CARLOS ORTIZ, JOHN RAABE, TOM RAY, NEYSA CHOATE AND FLORESVILLE INDEPENDENT SCHOOL DISTRICT (hereinafter "Defendants") hereby remove to this Court the state court action described below.

2.

This action was commenced on January 5, 2004, in the 81st Judicial District Court of Wilson County, Texas, as Cause No. 04-01-0003-CVW. Defendants were served with citation and received their first notice of this cause on January 6, 2004. As of this date, the case is styled Eric Anthony

---

[1]Defendant, Brenda K. Ullivig is not represented by undersigned counsel. However, Defendant Ullivig has consented in writing to the removal of this case to federal court through her counsel, Deborah Leach. Please see Defendant Brenda K. Ullivig's Notice of Consent to Removal, attached as Exhibit 1.

Sanchez and Mark Sanchez and wife Joellen R. Sanchez vs. Craig Stockstill, Jim Davidson, Rosemary Burkette, Kevin Whaley, Patrick Boutwell, Jesse Ramos, Brenda K. Ullivig, Margie Leal, Sally Marrs, Oralia Ramirez, Allison Shoemaker, Rachel Pena, Larry Angle, Edward Hrna, Carlos Ortiz, John Raabe, Tom Ray, Neysa Choate and Floresville Independent School District.   In Plaintiff's Original Petition filed and served on Defendants, Plaintiffs allege, inter alia, a Federal cause of action under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, et seq.   In their pleadings, Plaintiffs Eric Anthony Sanchez and Mark Sanchez and wife Joellen R. Sanchez also allege that during Eric A. Sanchez' freshman year at Floresville High School, he was falsely accused of criminal mischief and treated in violation of school board policy, State law, and District procedures.   Plaintiffs allege that Defendants were grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents, under both State and Federal law.   Finally, Plaintiffs further allege that Defendants conspired to take actions that interfered with Eric A. Sanchez' exercise of his rights under the Constitution and laws of the United States.

3.

This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343; therefore, it is removable to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441, since it is a civil action over which the Federal district courts have original jurisdiction over the subject matter pursuant to the statutory provisions noted above, and since the case arises under the laws of the United States.

4.

This Notice of Removal is filed within thirty (30) days of receipt by Defendants of the Original Petition, and is therefore timely filed pursuant to the provisions of 28 U.S.C. §1446(b).

5.

All Defendants who have been made parties to this action have joined in this Notice of Removal, as evidenced by the Joinder in Removal filed concurrently herewith.

6.

A copy of all process, pleadings and orders served on Defendants in this action is attached to this Notice.

WHEREFORE, PREMISES CONSIDERED, Defendants CRAIG STOCKSTILL, JIM DAVIDSON, ROSEMARY BURKETTE, KEVIN WHALEY, PATRICK BOUTWELL, JESSE RAMOS, BRENDA K. ULLIVIG, MARGIE LEAL, SALLY MARRS, ORALIA RAMIREZ, ALLISON SHOEMAKER, RACHEL PENA, LARRY ANGLE, EDWARD HRNA, CARLOS ORTIZ, JOHN RAABE, TOM RAY, NEYSA CHOATE AND FLORESVILLE INDEPENDENT SCHOOL DISTRICT pray that this cause be removed to this the United States District Court for the Western District of Texas, San Antonio Division, and that the said Court grant said Defendants all relief, special or general, at law or in equity, to which they themselves show it justly entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN
   SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216
(210) 979-6633
Fax No.: (210) 979-7024


By: _____
     JOE A. DE LOS SANTOS
     State Bar No. 24007100
     ROBERT RUSSO
     State Bar No. 17443500

     ATTORNEYS FOR DEFENDANTS
     CRAIG STOCKSTILL, JIM DAVIDSON,
     ROSEMARY BURKETTE, KEVIN
     WHALEY, PATRICK BOUTWELL,
     JESSE RAMOS, MARGIE LEAL, SALLY
     MARRS, ORALIA RAMIREZ, ALLISON
     SHOEMAKER, RACHEL PENA, LARRY
     ANGLE, EDWARD HRNA, CARLOS
     ORTIZ, JOHN RAABE, TOM RAY, NEYSA
     CHOATE AND FLORESVILLE
     INDEPENDENT SCHOOL DISTRICT

- 4 -

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been sent by certified mail, return receipt requested on the 2nd day of February, 2004, to:

| | |
|---|---|
| Mr. Scott R. Donaho | **Certified Mail #7003 2260 0002 9858 3728** |
| Donaho & Dockery, P.C. | **Return Receipt Requested** |
| P.O. Box 459 | |
| Floresville, Texas 78114 | |

| | |
|---|---|
| Ms. Deborah Leach | **Certified Mail #7003 2260 0002 9858 3735** |
| Mr. Albert López | **Return Receipt Requested** |
| LÓPEZ & SMITH | |
| 3355 Cherry Ridge, #100 | |
| San Antonio, Texas 78230 | |

JOE A. DE LOS SANTOS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

ERIC ANTHONY SANCHEZ, ET. AL.       *
                                     *
v.                                   *       CIVIL ACTION NO. _____
                                     *
CRAIG STOCKSTILL, ET. AL.            *

<u>**DEFENDANT BRENDA K. ULLIVIG'S NOTICE OF CONSENT TO REMOVAL**</u>

NOW COMES Defendant BRENDA K. ULLIVIG, who files this consent to removal under 28 U.S.C. §1446(b).

1.      Plaintiffs are ERIC ANTHONLY SANCHEZ, MARK A. SANCHEZ and JOELLEN R. SANCHEZ; one of the numerous Defendant is BRENDA K. ULLIVIG.

2.      On January 5, 2004, Plaintiffs filed suit asserting due process, equal protection and other civil rights violations, in the 81st Judicial District Court in Wilson County, Texas.

3.      Defendant ULLIVIG was served with the suit on January 6, 2004.

4.      Contemporaneously with this notice, the other named Defendant in the lawsuit are filing a notice of removal to federal court.

5.      Defendant ULLIVIG agrees with the notice of removal and consents to removal of this action to federal court.

# EXHIBIT |

Respectfully submitted,

LÓPEZ & SMITH
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230
(210) 366-3666
FAX: (210) 366-1985

By: _____

DEBORAH L. LEACH
State Bar No. 12083980
ALBERT LÓPEZ
State Bar No. 12562350
**ATTORNEYS FOR DEFENDANT
BRENDA K. ULLIVIG**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served according to the Federal Rules of Civil Procedure, in the manner indicated below on January 26, 2004, addressed to:

Scott R. Donaho                         FIRST CLASS U.S. MAIL
DOHAHO & DOCKERY, P.C.
P.O. Box 459
Floresville, Texas 78114

Robert Russo                            HAND-DELIVERED
Joe A. De Los Santos
WALSH, ANDERSON, BROWN,
   SCHULZE & ALDRIDGE, P.C.
100 N.E. Loop 410, Suite 1000
San Antonio, Texas 78216

_____
DEBORAH L. LEACH

-2-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

ERIC ANTHONY SANCHEZ, ET. AL.    *
    *
v.    *    CIVIL ACTION NO. _____
    *
CRAIG STOCKSTILL, ET. AL.    *

**DEFENDANT BRENDA K. ULLIVIG'S NOTICE OF DESIGNATION**
**OF ATTORNEYS IN CHARGE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

        1.      Defendant BRENDA K. ULLIVIG designates Deborah L. Leach and Albert López as her attorneys in charge.

        2.      Deborah L. Leach and Albert López are members in good standing with the State Bar of Texas and are admitted to practice before this Court.

        3.      Deborah L. Leach's Texas bar number is 12083980, and Albert López's Texas bar number is 12562350.  Their office address, telephone, and fax number are follows:

> Deborah L. Leach
> Albert López
> LÓPEZ & SMITH
> 3355 Cherry Ridge, Suite 100
> San Antonio, Texas 78230
> (210) 366-3666
> FAX (210) 366-1985

        4.      Deborah L. Leach and Albert López are responsible for the defense of Defendant ULLIVIG in this lawsuit, and are the attorneys designated to receive all communications from the Court and from other parties.

Respectfully submitted,

LÓPEZ & SMITH
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230
(210) 366-3666
FAX: (210) 366-1985

By: _____
DEBORAH L. LEACH
State Bar No. 12083980
ALBERT LÓPEZ
State Bar No. 12562350
**ATTORNEYS FOR DEFENDANT**
**BRENDA K. ULLIVIG**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served according to the Federal Rules of Civil Procedure, in the manner indicated below on January 26, 2004, addressed to:

Scott R. Donaho                     FIRST CLASS U.S. MAIL
DOHAHO & DOCKERY, P.C.
P.O. Box 459
Floresville, Texas 78114

Robert Russo                        HAND-DELIVERED
Joe A. De Los Santos
WALSH, ANDERSON, BROWN,
   SCHULZE & ALDRIDGE, P.C.
100 N.E. Loop 410, Suite 1000
San Antonio, Texas 78216

_____
DEBORAH L. LEACH

-2-

Cause No. 04-01-0003-CVW

| | | |
|---|---|---|
| ERIC ANTHONY SANCHEZ<br>and MARK A. SANCHEZ and wife JOELLEN R.<br>SANCHEZ<br>                Plaintiffs<br>vs.<br>CRAIG STOCKSTILL, Individually, and as<br>employee of the Floresville Independent School<br>District, JIM DAVIDSON, Individually, and as<br>employee of the Floresville Independent School<br>District, ROSEMARY BURKETT, Individually,<br>and as employee of the Floresville Independent<br>School District, K. WHALEY, Individually, and<br>as employee of the Floresville Independent School<br>District, P. BOUTWELL, Individually, and as<br>as employee of the Floresville Independent School<br>District, J. RAMOS, Individually and as employee<br>of the Floresville Independent School District,<br>BRENDA K. ULLIVIG, Individually and as<br>employee of the Floresville Independent School<br>District, MARGIE LEAL, Individually and as<br>employee of the Floresville Independent School<br>District, SALLY MARRS, Individually and as<br>employee of the Floresville Independent School<br>District, ORALIA RAMIREZ, Individually and as<br>employee of the Floresville Independent School<br>District, ALLISON SHOEMAKER, Individually<br>and as employee of the Floresville Independent<br>School District, RACHEL PENA, Individually and<br>as member of the School Board, LARRY ANGLE,<br>Individually and a member of the School Board,<br>EDWARD HRNA, Individually and as a member<br>of the School Board, CARLOS ORTIZ,<br>Individually and as a member of the School Board,<br>JOHN RAABE, Individually and as a member of<br>the School Board, TOM RAY, Individually and as<br>a member of the School Board, NEYSA CHOATE,<br>Individually and as a member of the School Board,<br>and FLORESVILLE INDEPENDENT<br>SCHOOL DISTRICT<br>                Defendants | } | IN THE DISTRICT COURT<br><br><br><br><br><br><br><br><br>WILSON COUNTY, TEXAS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>81ST JUDICIAL DISTRICT |

**PLAINTIFFS' REQUEST FOR DISCLOSURE**                          **PAGE 1**

## PLAINTIFFS' REQUEST FOR DISCLOSURE

TO:  **BRENDA K. ULLIVIG, Defendant, by and through Defendant's attorney of record, Howard C. Berger**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request, the information or material as set forth below in Exhibit A. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

Donaho & Dockery, P.C.

By: _Scott R. Donaho_
SCOTT R. DONAHO
Texas Bar No. 05967755
P.O. Box 459
Floresville, Texas 78114
Tel. (830)393-2700
Fax. (830)393-3029
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on January 26, 2004, a true and correct copy of Plaintiffs' Request for Disclosure was served by Fax to Number (210) 979-7024, on Joe De Los Santos at 100 N.E. Loop 410, Suite 1000, San Antonio, Texas 78216, and Howard C. Berger by Fax to Number (830) 393-4368, P.O. Box 299 Floresville, Texas 78114.

_Scott R. Donaho_
SCOTT R. DONAHO

## EXHIBIT A

## REQUESTS FOR DISCLOSURE

1.    R.194.2(a).:

State the correct names of the parties to the lawsuit.

2.    R.194.2(b).:

State the name, address, and telephone number of any potential parties.

3.    R.194.2(c).:

State the legal theories and, in general, the factual bases for your claims or defenses.

4.    R.194.2(e).:

State the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

5.    R.194.2(f).:

For any testifying expert, state:

1.    the expert's name, address, and telephone number;

2.    the subject matter on which the expert will testify;

3.    the general substance of the expert's mental impressions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

4.    if the expert is retained by, employed by, or otherwise subject to your control:

A)    produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B)    produce the expert's current resume and bibliography.

PLAINTIFFS' REQUEST FOR DISCLOSURE                                    PAGE 3

6.      R.194.2(g).:

Produce any indemnity and insuring agreements as described in Rule 192.3(f).


7.      R.194.2(i).:

Produce any witness statements as described in Rule 192.3(h).


<u>**PLAINTIFFS' REQUEST FOR DISCLOSURE**</u>                              **PAGE 4**

FILE COPY

CAUSE NO. 04-01-0003-CVW

| | | |
|---|---|---|
| ERIC ANTHONY SANCHEZ<br>and MARK A. SANCHEZ and wife,<br>JOELLEN R. SANCHEZ<br>    Plaintiffs | § | IN THE DISTRICT COURT |
| V. | § | OF WILSON COUNTY, TEXAS |

CRAIG STOCKSTILL, Individually,
and as employee of the Floresville
Independent School District,
JIM DAVIDSON, Individually, and as
employee of the Floresville Independent
School District, ROSEMARY BURKETTE,
Individually and as employee of the
Floresville Independent School District,
K. WHALEY, Individually and as
employee of the Floresville Independent
School District, P. BOUTWELL,
Individually and as employee of the
Floresville Independent School District,
J. RAMOS, Individually and as employee
of the Floresville Independent School
District, BRENDA K. ULLIVIG,
Individually and as employee of the
Floresville Independent School District,
MARGIE LEAL, Individually and as
employee of the Floresville Independent
School District, SALLY MARRS,
Individually and as employee of the
Floresville Independent School District,
ORALIA RAMIREZ, Individually and as
employee of the Floresville Independent
School District, ALLISON SHOEMAKER,
Individually and as employee of the
Floresville Independent School District,
RACHEL PENA, Individually and as a
member of the School Board,
LARRY ANGLE, Individually and as a
member of the School Board, EDWARD
HRNA, Individually and as a member of
the School Board, CARLOS ORTIZ,
Individually and as a member of the
School Board, JOHN RAABE,
Individually and as a member of the
School Board, TOM RAY, Individually
and as a member of the School Board,
NEYSA CHOATE, Individually and as
a member of the School Board, and
FLORESVILLE INDEPENDENT
SCHOOL DISTRICT,
    Defendants           §        81ST JUDICIAL DISTRICT

## ORIGINAL ANSWER OF BRENDA K. ULLIVIG

This original answer is filed by BRENDA K. ULLIVIG, one of the Defendants herein, to the Plaintiff's Original Petition, and in support thereof would show the Court as follows:

### I.

Defendant BRENDA K. ULLIVIG alleges that she is not liable in the capacity in which sued for the reason that she is not an employee and never has been an employee of the Floresville Independent School District or in any way acting on behalf of the Floresville Independent School District.

### II.

BRENDA K. ULLIVIG alleges that at the time of and with respect to the matters complained of by the Plaintiffs she was acting in her official capacity as a Police Officer with the City of Floresville. As such, she has and claims the same sovereign or governmental immunity that exists in the State of Texas in favor of governmental entities. Only the Legislature of the State of Texas can waive sovereign immunity, and the Plaintiffs have not identified any consent by the Texas Legislature to their suit against BRENDA K. ULLIVIG for any of the State law claims set out in the Original Petition. This Court therefore does not have jurisdiction to hear those claims against BRENDA K. ULLIVIG. In addition, Texas law does not authorize a cause of action for alleged constitutional torts. The Plaintiffs' allegations against BRENDA K. ULLIVIG therefore fail to state a cognizable claim that would entitle the Plaintiffs to any relief against BRENDA K. ULLIVIG.

### III.

All actions taken by BRENDA K. ULLIVIG with respect to the Plaintiffs were taken without malice or willfulness and in the good faith exercise of the authorities and powers granted to her in her official capacity as a Police Officer. BRENDA K. ULLIVIG therefor is entitled to and does claim the defense of qualified immunity or official immunity or quasi-judicial immunity.

### IV.

Without in any way waiving any of the other portions of this answer, BRENDA K. ULLIVIG specially excepts to the Plaintiffs' Original Petition in its entirety on the grounds that the claims made in such petition are too vague, broad, ambiguous, and general to permit her to properly respond to those claims. A variety of defenses may be available to BRENDA K. ULLIVIG depending upon the nature of the claim being asserted, the type of relief being sought, and the capacity in which she is being sued. Without the specific information with respect to each and every claim and cause of action being alleged by the Plaintiffs, the Petition is so vague, indefinite, ambiguous, general, and uncertain so that it fails to give fair notice to BRENDA K. ULLIVIG and therefore deprives her of the ability to determine which defenses may be

appropriately asserted as to which claim.  BRENDA K. ULLIVIG requests that this Court enter an order granting this Special Exception and requiring the Plaintiffs to replead their allegations so as to clearly indicate which specific claims are being made against her and in what capacity.

### V.

Without in any way waiving any of the other provisions herein, Defendant BRENDA K. ULLIVIG hereby exercises her right under Texas Rules of Civil Procedure, Rule 92, and enters a general denial and does generally deny each and every and all of the allegations contained in the Plaintiffs' Original Petition.  Upon final trial, BRENDA K. ULLIVIG requires the Plaintiffs to prove each and every material allegation by a preponderance of the credible evidence.

### VI.

Without in any waiving any of the other provisions of this original answer, BRENDA K. ULLIVIG asserts that there is no cause of action for false light invasion of privacy and to the extent such allegations are in their original petition, such original petition fails to state a claim upon which relief can be granted.  Defendant BRENDA K. ULLIVIG further asserts that there is no personal cause of action for money damages for any alleged violation of the Family Educational Rights Privacy Act and, to the extent that the Plaintiffs allege in their original petition any cause of action against BRENDA K. ULLIVIG on such basis, the Plaintiffs failed to state a claim upon which relief can be granted.

### VII.

Without in any waiving any of the other provisions of this original answer, BRENDA K. ULLIVIG asserts her rights to claim a qualified privilege to defeat any allegations of defamation or slander.  Further, Defendant BRENDA K. ULLIVIG asserts that the allegations made against the Plaintiff, ERIC ANTHONY SANCHEZ, were truthful.

### VIII.

Defendant BRENDA K. ULLIVIG further asserts that, as there is no State cause of action for constitutional tort damages, any cause of action alleged in the Plaintiffs' Original Petition therein fails to state a claim upon which relief can be granted.

### IX.

Defendant BRENDA K. ULLIVIG further asserts that there is no constitutional, common law, or statutory right which permits a parent to restrict a Police Officer in the investigation of criminal behavior by duly constituted law enforcement officials, nor is there any authority which permits a parent to require their presence, the presence of counsel, or others in the investigation of the alleged violations.

### X.

BRENDA K. ULLIVIG alleges that the Plaintiffs' Original Petition alleges claims that are not warranted by existing law or by non-frivolous argument for the extension, modification, or

reversal of existing law or the establishment of new law. Your Defendant, BRENDA K. ULLIVIG, further asserts that the allegations contained in Paragraph 7 of the Plaintiffs' Original Petition are without factual basis or evidentiary support. Defendant BRENDA K. ULLIVIG alleges that the filing of this petition was solely for the purpose of vexatious or harassment pleading against her. BRENDA K. ULLIVIG therefore alleges that she is entitled to recover, as sanctions, her attorney's fees and costs of court incurred in defending against this litigation. Defendant prays for sanctions in accordance with Chapters 10 and 11 of the Civil Practice and Remedies Code of the State of Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court (a) strike the Plaintiff's Original Petition in its entirety and require the Plaintiffs to replead the same; (b) that upon final trial the Court deny all relief requested by the Plaintiffs; (c) that the Defendant BRENDA K. ULLIVIG have and recover her attorney's fees and costs of court herein; and (d) for such other and further relief as the Court deems proper.

Respectfully submitted,

Filed ___21___ Day of __Jan__, 2004
: : 55 P. M

SHIRLEY POLASEK
Clerk District Court Wilson County, Tex

By__C U._____

HOWARD C. BERGER
State Bar I.D. #02191250
1004 C Street, P. O. Box 299
Floresville, Texas 78114
Telephone (830) 393-2595
Facsimile (830) 393-4368
Attorney for BRENDA K. ULLIVIG

## CERTIFICATE OF SERVICE

I, HOWARD C. BERGER, hereby certify that a true and correct copy of the foregoing Original Answer of Brenda K. Ullivig was on this the 21 st day of January, 2004, mailed by certified mail, return receipt requested, to Scott R. Donaho, Donaho & Dockery, P.C., P. O. Box 459, Floresville, Texas 78114.

HOWARD C. BERGER

TDT/City/Ullivig, Brenda

Cause No. 04-01 ___OOO3_____ -CVW

| | |
|---|---|
| ERIC ANTHONY SANCHEZ<br>and MARK A. SANCHEZ and wife JOELLEN R.<br>SANCHEZ<br>     Plaintiffs<br>vs.<br>CRAIG STOCKSTILL, Individually, and as<br>employee of the Floresville Independent School<br>District, JIM DAVIDSON, Individually, and as<br>employee of the Floresville Independent School<br>District, ROSEMARY BURKETTE, Individually,<br>and as employee of the Floresville Independent<br>School District, K. WHALEY, Individually, and<br>as employee of the Floresville Independent School<br>District, P. BOUTWELL, Individually, and as<br>as employee of the Floresville Independent School<br>District, J. RAMOS, Individually and as employee<br>of the Floresville Independent School District,<br>BRENDA K. ULLIVIG, Individually and as<br>employee of the Floresville Independent School<br>District, MARGIE LEAL, Individually and as<br>employee of the Floresville Independent School<br>District, SALLY MARRS, Individually and as<br>employee of the Floresville Independent School<br>District, ORALIA RAMIREZ, Individually and as<br>employee of the Floresville Independent School<br>District, ALLISON SHOEMAKER, Individually<br>and as employee of the Floresville Independent<br>School District, RACHEL PENA, Individually and<br>as member of the School Board, LARRY ANGLE,<br>Individually and a member of the School Board,<br>EDWARD HRNA, Individually and as a member<br>of the School Board, CARLOS ORTIZ,<br>Individually and as a member of the School Board,<br>JOHN RAABE, Individually and as a member of<br>the School Board, TOM RAY, Individually and as<br>a member of the School Board, NEYSA CHOATE,<br>Individually and as a member of the School Board,<br>and FLORESVILLE INDEPENDENT<br>SCHOOL DISTRICT<br>     Defendants | IN THE DISTRICT COURT<br><br><br><br><br><br><br><br>WILSON COUNTY, TEXAS<br><br><br><br><br><br><br><br><br><br><br><br><br><br>81ˢᵗ JUDICIAL DISTRICT |

PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ERIC ANTHONY SANCHEZ, MARK A. SANCHEZ and wife

JOELLEN R. SANCHEZ, Plaintiffs herein, complaining of Defendants CRAIG STOCKSTILL,

Individually and as employee of the Floresville Independent School District, JIM DAVIDSON,

Individually, and as employee of the Floresville Independent School District, ROSEMARY

BURKETTE, Individually, and as employee of the Floresville Independent School District, K.

WHALEY, Individually, and as employee of the Floresville Independent School District, P.

BOUTWELL, Individually, and as employee of the Floresville Independent School District, J.

RAMOS, Individually and as employee of the Floresville Independent School District, BRENDA

K. ULLIVIG, Individually and as employee of the Floresville Independent School District,

MARGIE LEAL, Individually and as employee of the Floresville Independent School District,

SALLY MARRS, Individually and as employee of the Floresville Independent School District,

ORALIA RAMIREZ, Individually and as employee of the Floresville Independent School

District, ALLISON SHOEMAKER, Individually and as employee of the Floresville Independent

School District, RACHEL PENA, Individually and as member of the School Board, LARRY

ANGLE, Individually and a member of the School Board, EDWARD HRNA, Individually and

as a member of the School Board, CARLOS ORTIZ, Individually and as a member of the School

Board, JOHN RAABE, Individually and as a member of the School Board, TOM RAY,

Individually and as a member of the School Board, NEYSA CHOATE, Individually and as a

member of the School Board, and FLORESVILLE INDEPENDENT SCHOOL DISTRICT

Defendants herein, and would show unto the Court as follows:

PLAINTIFFS' ORIGINAL PETITION                                         PAGE 2

1.

At the time of some of the complaints contained in this petition, Eric Anthony Sanchez was a minor.

2.

Discovery in this action is intended to be conducted under Level 2 in accordance with the Texas Code of Civil Procedure.

3.

Plaintiffs are residents of Wilson County, Texas.

4.

Defendant, **CRAIG STOCKSTILL**, is a resident of Wilson County, Texas and **MAY BE SERVED WITH PROCESS AT THE INDEPENDENT SCHOOL DISTRICT ADMINISTRATION BUILDING, 908 TENTH STREET, FLORESVILLE , TEXAS**, Plaintiffs allege that Craig Stockstill was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law,  and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant  **JIM DAVIDSON**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT THE FLORESVILLE HIGH SCHOOL, Floresville, TEXAS.**  Plaintiffs allege that Jim Davidson was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law,  and violated the civil rights of Eric Anthony Sanchez and his parents.

PLAINTIFFS' ORIGINAL PETITION                                                                          PAGE 3

Defendant, **ROSEMARY BURKETTE**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**.  Plaintiffs allege that Rosemary Burkette was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law,  and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **K. WHALEY**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**. Plaintiffs allege that K. Whaley was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law,  and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **P. BOUTWELL,** is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**. Plaintiffs allege that P. Boutwell was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law,  and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **J.  RAMOS**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS.** Plaintiffs allege that J. Ramos was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as

well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **BRENDA K. ULLIVIG**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**. Plaintiffs allege that Brenda K. Ullivg was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **MARGIE LEAL**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**. Plaintiffs allege that Margie Leal was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **SALLY MARRS**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**. Plaintiffs allege that Sally Marrs was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **ORALIA RAMIREZ**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**.

Plaintiffs allege that Oralia Ramirez was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **ALLISON SHOEMAKER**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT FLORESVILLE HIGH SCHOOL, Floresville, TEXAS**.  Plaintiffs allege that Allison Shoemaker was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **RACHEL PENA**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT 1104 D Street, or 908 Tenth Street, Floresville, TEXAS**. Plaintiffs allege that Rachel Pena was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **LARRY ANGLE**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT 10750 Elmendorf-La Vernia Road, or 908 Tenth Street, Floresville, TEXAS**.  Plaintiffs allege that Larry Angle was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **EDWARD HRNA**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT 194 CR 405, or 908 Tenth Street, Floresville, TEXAS**. Plaintiffs allege that Edward Hrna was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **CARLOS ORTIZ**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT 734 Goliad Road, or 908 Tenth Street, Floresville, TEXAS**. Plaintiffs allege that Carlos Ortiz was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **JOHN RAABE**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT 2013 Bentwood Drive, or 908 Tenth Street, Floresville, TEXAS**. Plaintiffs allege that John Raabe was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and his parents.

Defendant, **TOM RAY**, is a resident of Wilson County, Texas, and **MAY BE SERVED WITH PROCESS AT 610 Ray Farm Lane, or 908 Tenth Street, Floresville, TEXAS**. Plaintiffs allege that Tom Ray was grossly negligent and or negligent, and or acted willfully with respect to failing to follow School Policy, affording student and parents due process of law as

well as equal protection under the law, and violated the civil rights of Eric Anthony Sanchez and

his parents.

Defendant, **NEYSA CHOATE**, is a resident of Wilson County, Texas, and **MAY BE**

**SERVED WITH PROCESS AT 240 Southwood Oaks, or 908 Tenth Street, Floresville,**

**TEXAS**.  Plaintiffs allege that Neysa Choate was grossly negligent and or negligent, and or

acted willfully with respect to failing to follow School Policy, affording student and parents due

process of law as well as equal protection under the law, and violated the civil rights of Eric

Anthony Sanchez and his parents.

Defendant, **FLORESVILLE INDEPENDENT SCHOOL DISTRICT**, is formulated

and located in Wilson County, Texas and **MAY BE SERVED WITH PROCESS BY**

**SERVING CRAIG STOCKSTILL, SUPERINTENDENT, AT THE INDEPENDENT**

**SCHOOL DISTRICT ADMINISTRATION BUILDING, 908 TENTH STREET,**

**FLORESVILLE , TEXAS**.  Plaintiffs allege that Floresville Independent School District was

grossly negligent and or negligent, and or acted willfully with respect to failing to follow School

Policy, affording student and parents due process of law as well as equal protection under the

law, and violated the civil rights of Eric Anthony Sanchez and his parents.

5.

During Eric A. Sanchez's freshman year at Floresville High School, he was falsely

accused of criminal mischief and treated in violation of school board policy, State law, and

District procedures.  Subsequently the Floresville Independent School District, through its

employees, apologized in writing to the parents of Eric A. Sanchez for this event.

6.

On January 22, 2001, The Floresville High School Administrators were notified in writing that their son, Eric A. Sanchez, was not to be questioned in any manner without his legal counsel and his parents first being notified and present for any such questioning. In addition their son Eric A. Sanchez, was not to be removed from class for questioning, investigation or interrogation without notifying his legal counsel and his parents. See: Exhibit "A" attached hereto and incorporated herein for all purposes.

7.

The need for these instructions by the parents of Eric A. Sanchez to the Floresville Independent School District was the result in September 2000, as Eric, at the age of 15 years, was removed from his scheduled classes by Brenda Ullivig, a Floresville Police Officer with an office at the Floresville High School building, and whose husband, at the time of the event, was suing Eric's Grandfather for Several Million Dollars, forcefully shoved Eric into a chair behind closed doors, and proceeded to interrogate Eric at length while denying him his right to telephone his parents or an attorney. No administration personnel was present at this interrogation. Eric was falsely accused of criminal mischief for which the school administration eventually apologized. This event set the tone for a pattern of continued discrimination and civil rights violations by the Floresville Independent School District and its personnel over and against Eric A. Sanchez which included a documented case of hazing of Eric A. Sanchez, which no corrective action was taken by the School District, the attempt to accuse Eric A. Sanchez of a criminal incident which Eric, as a good citizen, reported through "Crime Stoppers", falsely accused Eric of theft, a false charge of the use of profanity, and restricting Eric's attempt to present his complaint's to the School Board.

8.

The Floresville High School Administration and employees have done precisely what they were instructed not to do as set forth in Exhibit "A" resulting in violation of school policies and violation of Eric A. Sanchez's civil rights, all to the harm and detriment of Eric A. Sanchez and his parents Mark A. Sanchez and Joellen R. Sanchez.

9.

The Floresville High School Administration and employees have treated Eric A. Sanchez with discrimination and in a different manner in which it treats other students similarly situated. The Floresville High School Administration and employees have used discrimination and civil rights violations against their son Eric, to retaliate against Eric's parents for raising the issue of the treatment of Eric to school officials as well as Eric's parents filing a complaint against the Floresville Police Officer with an office on the Floresville High School Campus, Brenda Ullivig, who violated Eric's civil rights, and, who is the same officer whose husband was suing Eric's grandfather for several million dollars in an unrelated action at the time she violated Eric's civil rights, and who remained the officer involved with the retaliation, discrimination and continued violation of Eric A. Sanchez's civil rights from his freshman year though the events of 2003.

10.

On April 14, 2003, Mark A. Sanchez picked up his son, Eric Anthony Sanchez, from the track house on the Floresville High School Campus. Eric was standing and waiting with a large box of candy when his father arrived. A crowd of people were present at both the building and the parking lot area; children were coming in and out of the building. Eric Anthony Sanchez took home a large box of fund-raising candy, the same amount that he sold for the last candy

PLAINTIFFS' ORIGINAL PETITION                                                        PAGE 10

fundraiser the school charged him with the responsibility of selling.

11.

On April 15, 2003,  Eric Anthony Sanchez, was physically assaulted as he was removed from a school bus by P. BOUTWELL.  The bus was destined for Pleasanton, Texas.  The purpose for the bus trip was a scheduled district track meet.  Eric participated in sports as a major part of his life and was a member of the track team.   Eric was told that he was removed from the bus prior to departure because he had taken additional boxes of candy for sale.  Eric was assaulted by P. Boutwell, placed in a room and bombarded with intense questioning, interrogation, and investigation, all without notifying his legal counsel and/or his parents in violation of the written instructions on file with the Floresville Independent School System . Eric was told he was a thief, and told he was eliminated from the Floresville High School athletic program because he had taken the same amount of candy to sell for the fund raiser as he had taken the previous year.  Eric was then further humiliated and degraded as Floresville High School personnel stripped him of his clothing, except for his underwear, and Eric remained without clothing until he called his parents to bring him clothing.

12.

Coach P. BOUTWELL while on a bus destined for Pleasanton, Texas, on April 15, 2003, at approximately 7:30 - 8:05, told several students on the bus that Eric Anthony Sanchez was a thief and that he had stolen candy from the school; that  Eric was not a team player and Eric could not be trusted.

13.

Coaches, Boutwell and Whaley, as well as High School Administrative staff violated the

spirit of the board's policy and state education code by not making Eric's legal counsel and his

parents aware of the allegations and decision to remove Eric from the school's athletic program.

14.

On April 16, 2003, Eric reported that the Coach or coaches restated and emphasized that

they were removing Eric from the athletic program for the remainder of the year and into the

following year and assessing him three days ISS for theft of candy that they themselves directed

Eric to sell. Eric was not given any other assignment, and his legal counsel nor his parents were

never made aware by the athletics department or high school administrators of their decision to

remove Eric from his scheduled classes for a period of twelve months.

15.

A High School, under Texas Law, owes a duty of reasonable care to a student during a

time when the school has accepted responsibility for supervising its students. On April 16, 17,

22, 23, 24, and 25, 2003, the school having removed Eric from scheduled classes, failed to give

Eric assignments or direction, leaving Eric without direction or supervision as follows:.

April 16, 2003; location - automotive shop, 8:05 to 8:45;

April 17, 2003; location - automotive shop, 8:05 to 8:45;

April 18, 2003; no school

April 21, 2003; no school

April 22, 2003; Eric went to Hilary Reile's office for permission to go to the library and view the

auto trader web-site; permission granted 8:05-8:54;

April 22, 2003; 11:55 (approximately), Library aide M. Leal, refers Eric to the office;

April 23, 2003; sat in front of football field, concession stands 8:05 - 8:45; (now banned from the

library)

April 24, 2003; sat in front of the football field concession stands; (still banned from library)

April 25, 2003; ISS for allegation of theft; 3 days ISS and coaches reemphasize again that Eric is

no longer part of the athletics program.

16.

Eric's parents did not receive a copy of the behavioral report from the FISD High School

Athletics Department until April 24, 2003.  Eleven days after the removal of Eric from class by a

teacher and assessment of penalty/punishment had taken effect.  The report was mailed to Eric's

parents on April 22, 2003, and received by Eric's parent's on April 24, 2003 .

17.

On April 25, 2003 at 3:30 p.m. approximately, Mr. Mark Sanchez met with a school

official who informs Mark A. Sanchez, Eric's father,  that Eric is being assessed thirty days

alternative education for allegedly using profanity in the presence of the library aide Margie Leal

on April 22, 2003, at approximately 11:55 a.m.  Again, Eric A. Sanchez's legal counsel nor his

parents were notified of any incident on April 22, 2003 until April 25, 2003.

18.

On April 25, 2003 at 4:33 p.m. approximately, Athletic Director  J. Ramos contacted

Mark A. Sanchez by telephone, knowing at the time of the contact of the concocted problem with

the library aide Margie Leal,  to inform Eric's parents that the decision to keep Eric out of

athletics for the remainder of the year and into next year has been rescinded providing Eric did

not get into any more trouble and in addition to this stipulation, Eric's parents would have to sign

a contract stipulating that if Eric A. Sanchez  got into anymore trouble the original order banning

him from athletics for a period of twelve months, his entire senior year, would be reinstated. Athletic Director Ramos knew at the time, he had the alleged library incident to use to ban Eric from athletics even under this pretended rescinding of the banning of Eric from athletics.

19.

The Floresville High School Administration falsely labeled Eric A. Sanchez as a "Drop Out from High School" in an effort to prevent Eric from enlisting in the United States Navy. The Floresville Administration's attorney then went after the recruiter for the United States Navy that was trying to assist Eric in enlisting in the United States Navy, causing the recruiter to be reassigned.

20.

John Raabe, a member of the Floresville School Board in the year 2003 was also the President of the Floresville Peanut Festival Association. Eric A. Sanchez was chosen and asked to represent Floresville as King in the Floresville Peanut Festival of 2003. Subsequent to a concerted effort on the part of School officials to falsely accuse Eric of violation of school policy and/or the athletic department's self concocted and directed policies, Eric was then denied the once in a life time opportunity to represent the city of Floresville as King of the 2003 Festival.

21.

Eric A. Sanchez was replaced as King of the Floresville Peanut Festival by an Anglo student, the son of a Floresville High School Councilor. Prior to this Anglo students reign as King of the Floresville Peanut Festival, he, along with other Floresville High School student athletes, was arrested in San Antonio Texas for shoplifting. These students were treated as if the policies and regulations that applied to Eric A. Sanchez, did not apply to these students. These

PLAINTIFFS' ORIGINAL PETITION                                                      PAGE 14

arrested students were not punished or eliminated from sports participation, they were not

suspended from any extracurricular activities or athletic competitions, all reflecting Floresville

Independent School District applying policy and procedure with discrimination to Eric A.

Sanchez inasmuch as students with favored status from the upper echelon or needed athletes can

perpetrate crimes and suffer no penalties, assaults, humiliation or consequences as did Eric A.

Sanchez, who committed no crime.

22.

The Floresville High School Administration has falsely labeled Eric A. Sanchez, who has

no more than a traffic violation,  as being violent, prone to incidents of misbehavior, a thief and a

liar.  As a consequence of this false labeling, Eric was punished, eliminated from sport

participation, suspended from extracurricular activities, including his Jr./Sr. Prom one day prior

to the event, suspended from athletic competition, improperly interrogated, denied his reign as

King of the 2003 Floresville Peanut Festival and denied his civil rights, being treated differently

from students similarly situated.  Student athletes arrested for shoplifting were treated differently.

ADMINISTRATIVE PROCEDURES

23.

The Plaintiffs allege that they have exhausted all known administrative remedies with the

Floresville Independent School District.

CIVIL RIGHTS VIOLATIONS

24.

The Plaintiffs allege that Eric A. Sanchez civil rights under State and Federal law have

been violated by the Floresville School Board, the Floresville Independent School District and its

employees, in that Eric A. Sanchez has been treated differently, with discrimination, when compared to other students and student athletes similarly situated  when school rules, regulations. and proposed punishment has been proposed or implemented with students similarly situated as set forth herein and which will be further developed through the discovery process.  Floresville School Board, the Floresville Independent School District and its employees violated Eric A. Sanchez's civil rights as they improperly interrogated and degraded him as they stripped him of his clothes, leaving him in his underwear until he could call his parents to bring him clothing.

25.

The Plaintiffs allege that Eric A. Sanchez's civil rights under State and Federal law have been violated by the Floresville School Board, the Floresville Independent School District and its employees, in that Eric A. Sanchez has been denied Equal Protection and Due Process rights in the manner in which he was treated with discrimination, and in the restrictions placed upon his attempted presentation of three (3) level 3 complaints to the Floresville Independent School District Board and in the discriminatory manner in which he has been treated when compared to others students in the Floresville Independent School District similarly situated.

26.

The Plaintiffs allege that the Floresville Independent School District violated the Civil Rights of Eric Anthony Sanchez by interfering with Eric Anthony Sanchez's equal protection under the law to communicate with and join the armed forces of the United States of America wherein the School District gave misleading information to a government employee making specific reference to Eric Anthony Sanchez as set forth herein.

27.

The Plaintiffs allege that Floresville Independent School District has violated their rights as set forth in the Family Educational Rights and Privacy Act (FERPA) by not protecting the dissemination of Eric A. Sanchez's records, correcting records, and/or providing false information about his records.

28.

The Plaintiffs allege that the Floresville School Board, the Floresville Independent School District and its employees have conspired to injure, oppress, threaten and intimidate Eric A. Sanchez in his free exercise and enjoyment of his rights and privileges secured to him by the constitution and laws of the United States and the State of Texas by the discriminatory manner in which he has been treated  when compared to other students in the Floresville Independent School District similarly situated.

SOVEREIGN IMMUNITY DOES NOT APPLY

29.

No entity or person  is immune from answering  for violation of a persons civil rights in America, yet.  In addition, the sale of candy by Floresville Independent School District is not a governmental act, but rather a discretionary proprietary function from which the Floresville Independent School District may not run, head long, to hide behind Sovereign Immunity.

SLANDER

30.

On or about April 15, 2003 Eric Anthony Sanchez was a student athlete in good standing in the Floresville High School, Floresville Independent School District,  located in Floresville, Texas.  On or about April 15, 2003, Coach P. BOUTWELL,  an employee of the Floresville

Independent School District, while on a bus operated at the direction of and for the benefit of

Floresville Independent School District and destined for Pleasanton, Texas, at approximately

7:30 - 8:05, told several students on the bus that Eric Anthony Sanchez was a thief and that he

had stolen candy from the school; that Eric was not a team player and Eric could not be trusted.

31.

These words so spoken were false and defamatory, were known to Defendants to be false

and defamatory, and were spoken willfully and maliciously with the intent to damage Eric

Anthony Sanchez's good name, reputation and good standing as a student and athlete in the

Floresville High School.

32.

Because of these words spoken by Defendants, Plaintiffs have been injured in their good

names and reputations and Eric as a student and athlete in good standing in the Floresville High

School and have suffered great pain and mental anguish and have been held up to ridicule and

contempt by Eric's school mates, friends, acquaintances and the public, all to their damage in an

amount in excess of the minimal jurisdictional limits of this Honorable Court for which Plaintiffs

sue.

33.

The above-described statements by Defendants' agent, servant or employee, all of which

were uttered and published in the presence of persons other than plaintiff, constitute slander per

se, in that these statements accused Eric Anthony Sanchez of a crime and seriously affected

plaintiff in his school and school sport activities. Defendants' statements also tended to, and in

fact did, disgrace, degrade and hold Eric Anthony Sanchez up to public hatred, contempt, and

ridicule.

34.

The above-described defamatory remarks by defendants and their agents, servants, or

employees were willful and malicious, were purposefully made, and were published with malice

and with a malicious and willful intent to shame, humiliate, embarrass and disgrace Eric Anthony

Sanchez and injure Eric's standing as a student athlete in the Floresville High School.  Said

defamatory remarks were made without regard to whom they offended and regardless of the

consequences or damage to Eric Anthony Sanchez's reputation in the community.  Plaintiffs are

therefore entitled to exemplary damages in the amount of $1,000,000.00

INTENTION INFLICTION OF EMOTIONAL DISTRESS

35.

Plaintiffs incorporate by reference as though set forth at length, all preceding paragraphs.

36.

Plaintiffs allege that Defendants acted intentionally or recklessly as set forth herein, that

the Defendants' conduct was outrageous and extreme, the Defendants' conduct was directed

directly at and upon Eric Anthony Sanchez, that Defendants' conduct and actions proximately

caused Eric Anthony Sanchez and his parents emotional distress and such emotional distress

suffered by Eric Anthony Sanchez and his parents was and is severe and as a result of the above

described acts of the Defendants, Plaintiffs have suffered damages in an amount in excess of the

minimal  jurisdictional limits of this court for which Plaintiffs hereby sue.

37.

Plaintiffs allege the Defendants are jointly and severally liable to Plaintiffs for damages

for all causes of action set forth herein including the mental suffering suffered by the Plaintiffs inasmuch as Plaintiffs have suffered severe mental pain and distress, grief, humiliation, embarrassment, fear, frustration, severe disappointment, indignation, wounded pride, shame, despair, public humiliation and general mental anguish, and in all reasonable likelihood they will continue to do so for a long time in the future and for the balance of their natural life. As a further direct and proximate result of the occurrences made the basis of this action, plaintiffs have been in a continual state of depression and have lost considerable sleep over the past several weeks, which conditions are expected to continue for a long time into the future.

38.

Defendants' conduct was willful and malicious. Plaintiffs therefore, are entitled to recover exemplary damages to deter the future wrongful and unlawful acts by the Defendants such as Defendants have done in this case. In this connection, Plaintiffs will show that they suffered extreme mental anguish, humiliation, and acute depression as a result of the Defendants' conduct, as well as significant expenses including attorney's fees in the investigation and prosecution of this action.

39.

The information disseminated by the Defendants as set forth in this Petition is false.

40.

Such false information places the Plaintiffs in a false light to the public and is highly offensive to a reasonable person and did in fact aggrieve and offend the Plaintiffs.

41.

As a direct and proximate result of defendant's unjustified and unlawful placing the

PLAINTIFFS' ORIGINAL PETITION                                                    PAGE 20

Plaintiffs before the Public in a false light, Plaintiffs suffered severe mental suffering. Plaintiffs'

seek damages for having suffered severe mental pain and distress, grief, humiliation,

embarrassment, fear, frustration, severe disappointment, indignation, wounded pride, shame,

despair, public humiliation and general mental anguish, and in all reasonable likelihood they will

continue to do so for a long time in the future and for the balance of their natural lives.  As a

further direct and proximate result of the occurrences made the basis of this action, Plaintiffs

have been in a continual state of depression and have lost considerable sleep over the past several

weeks, which condition is expected to continue for a long time into the future.

42.

Defendants' conduct in placing the Plaintiffs before the public in a false light constituted a

willful and malicious violation of Plaintiffs' right to privacy.  Plaintiffs therefore, are entitled to

recover exemplary damages to deter the wrongful and unlawful intrusion upon the solitude of

persons and families such as Plaintiffs in the future.  In this connection, Plaintiffs will show that

they suffered extreme mental anguish, humiliation, and acute depression as a result of the

intrusion into their private affairs, as well as significant expenses including attorney's fees in the

investigation and prosecution of this action for which damages Plaintiffs hereby sue.

ASSAULT

43.

Plaintiffs allege that P. Boutwell assaulted Eric Anthony Sanchez On April 15, 2003,

when P. Boutwell placed his hands on Eric and pulled, pushed and shoved Eric Anthony Sanchez

into a training room on the Floresville Independent School District's premises, were they

proceeded to improperly interrogate and degrade him as they stripped him of his clothes, leaving

him in his underwear until he could call his parents to bring him clothing.

44.

Plaintiffs request a jury trial and have tendered the statutory fee to the District Clerk.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that citation issue as required by law.  Plaintiffs pray for damages as follows:

1.   Special Damages as may be shown to the Court as a result of Civil Rights Violations in a sum of not less than $1,000,000.00.

2.   Damages for Mental Suffering and emotional distress in the sum of $1,000,000.00

3.   Exemplary Damages in the sum of $1,000,000.00.

4.   Prejudgment Interest as provided by law.

5.   Postjudgment interest as provided by law.

6.   Attorney's fees and cost of court.

7.   Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully submitted,
DONAHO & DOCKERY, P.C.
P.O. Box 459
Floresville, Texas  78114
(830) 393-2700
(830) 216-2703 Telecopier request

By: _Scott R. Donaho_
Scott R. Donaho
State Bar No. 05967755
Attorney for Plaintiffs

03069

Filed _5_ Day of _Jan_ _04_
_1:20 P._ M

**SHIRLEY POLASE**...
Clerk District Court Wilson County, Texas

By _Hernandez_ Deputy

Mark A. Sanchez & Joellen R. Sanchez

2008 Third Street
Floresville , Tx. / Wilson County , 78114
USA

Phone Mobile Number (210) 317 - 8046
Home Phone (830) 216 - 7711
Email msanchez78114@msn.com

*Exhibit "A"*

January 21, 2001

Attention: Floresville High School Administrators
1000 10 Th. Street
Floresville , Tx 78114

ERIC A. SANCHEZ , IS NOT TO BE TURNED OVER TO THE FLORESVILLE P.D. OR ANY
OTHER ENTITY . FOR QUESTIONING OR ANY OTHER MATTER . WITHOUT HIS LEGAL COUNSEL
AND HIS PARENTS FIRST BEING NOTIFIED AND PRESENT .

We the parents of freshman Eric A. Sanchez do hereby notify the Floresville
High School Administration and Floresville I.S.D. That our Child , Eric A.
Sanchez will not be turned over to the Floresville Police Department or any
other entity . The Floresville High School Administration and the Floresville
I.S.D.,will prevent the Floresville Police Department,or any other entity from
making any attempts to question our child,Eric A. Sanchez.In the absence of
his counsel (Scott R. Donaho)or his parents Mark A. Sanchez and Joellen R.
Sanchez .

Eric A. Sanchez is not to be removed from class for any of the above mentioned
situations. Until his legal counsel and his parents are notified and present.

Mark A. Sanchez

Delivered By: (MAS)

Date: 01/22/01

Received By:

Date: 1/22/01

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

### NOTICE OF DOCUMENT(S) NOT IMAGED
### AND CONTAINED IN CASE FILE

Civil Case No.        SA-04-CA-0110-XR

Eric Anthony Sanchez, et al.

vs.

Craig Stockstill, et al.

Attachments to
Document #:           1

Description:          66 remaining pages of attachments

Filed By:             Defendants

File Date:            02/02/04


_____
DEPUTY CLERK